IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILLIP S. DUNN,

                                               ORDER

                 Petitioner,

                                     16-cv-224-bbc

        v.

STATE OF WISCONSIN,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Phillip Dunn has filed a petition for a writ of habeas corpus in which he challenges the legality of his confinement in the La Crosse County jail.  Petitioner has paid the $5 filing fee, so his petition is ready for screening.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief.

One problem with the petition is that petitioner has not exhausted his available remedies in state court, as required by 28 U.S.C. § 2254(b)(1)(A). O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  To comply with the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)."  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  However, even if petitioner had exhausted his state court remedies, it is clear that he could not prevail on his claims, so I see

1

no reason to require petitioner to go back to state court before deciding the merits of his petition. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Petitioner says that a 2014 conviction for bail jumping violates the double jeopardy clause of the Fifth Amendment to the United States Constitution, but it is not clear why he believes that. (Although petitioner does not say this explicitly, I will assume that his current incarceration is the result of his conviction for bail jumping.) He writes, "[h]ad the La Crosse police never searched my residence without permission or kicked in my bedroom door in order to have probable cause to illegally and unlawfully obtain a search warrant, I would never [have] been on a felony bond." Dkt. #1 at 2. In a supplement that petitioner calls "motion for injunctive relief," dkt. #9, he explains further: "after being charged with possession of methamphetamine after an illegal search and seizure, [a state court judge] signed an arrest warrant for unpaid court fees, a civil matter, [which led] to my arrest for driving without a license but since [I was] on bond for possession [I] was charged with felony bail jumping." Dkt. #9 at 2.

Petitioner's claim seems to rely on the following premises: (1) police officers violated the Fourth Amendment when they searched his home in 2014; (2) if police officers had not violated the Fourth Amendment, he would not have been charged with possessing methamphetamine and then been released on bond; (3) if he had not been on bond, he would not have been charged with bail jumping for driving without a valid license.

2

Even if all of these premises are correct, it does not mean that petitioner's conviction for bail jumping violated the double jeopardy clause of the Fifth Amendment or any other provision in the Constitution. The double jeopardy clause limits the government's ability to prosecute a person for the same crime twice. Boyd v. Boughton, 798 F.3d 490, 493 (7th Cir. 2015). However, petitioner does not allege that he was convicted twice for the same crime, so the double jeopardy clause has no bearing on his claims.

Petitioner's real theory seems to be that the alleged Fourth Amendment violations tainted his conviction for bail jumping, but that theory does not provide a ground for relief for two reasons. First, the general rule is that a prisoner cannot bring a Fourth Amendment claim in the context of a habeas petition. Stone v. Powell, 428 U.S. 465 (1976); Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002). Second, even if petitioner is correct that police officers violated his Fourth Amendment rights, his remedy would be limited to the suppression of evidence discovered during the unlawful search and damages in a civil case. Gonzalez v. Entress, 133 F.3d 551, 554 (7th Cir. 1998). (In fact, plaintiff is proceeding on a civil case for damages related to the alleged Fourth Amendment violations. Dunn v. Secord, No. 15-cv-430-bbc (W.D. Wis.).) Petitioner does not allege that state officials relied on illegally obtained evidence to show that he violated the terms of his bond, so any Fourth Amendment violation related to a previous charge would have no bearing on his conviction for bail jumping.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To

obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the question whether petitioner has stated a claim for relief. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Petitioner Phillip Dunn's petition for a writ of habeas corpus under 28 U.S.C. § 2254, dkt. #1, his "motion for immediate relief or suspension of state sentence," dkt. #8, and his "motion for injunctive relief," dkt. #9, are DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R.App. P. 22

Entered this 6th day of June, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge